IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD B. McNEARNEY,

     Plaintiff,      No. CIV S-06-0552 GEB GGH PS

  vs.

U.S. BANKCORP, INC.,    <u>ORDER AND FINDINGS AND</u>

              <u>RECOMMENDATIONS</u>
     Defendant.

_____/

  Previously pending on this court's law and motion calendar for May 25, 2005, was defendant's motion to dismiss, filed March 22, 2006, and plaintiff's motion to remand and for sanctions, filed April 17, 2006. Plaintiff has also filed a status report. Both parties attempted to appear by telephone; however, due to technical failures the appearances could not be made and the court took the matter under submission without a hearing. Now having reviewed the filings, the court issues the following order and findings and recommendations.

\\\\\

\\\\\

\\\\\

\\\\\

1

I. BACKGROUND

Plaintiff filed this suit against U.S. Bank[1] on January 10, 2006 in state court. Defendant removed the action to this court on March 15, 2006. The complaint alleges that defendant did not accurately report plaintiff's credit to TransUnion, Equifax and Experian credit bureaus, which caused "libelous and erroneous" information to be placed in his credit file, in violation of 15 U.S.C. § 1681c(b). (Compl., ¶¶ 3, 4.) As a result, plaintiff claims his name and credit rating were tarnished. (Id.) The complaint additionally alleges that defendant failed to properly investigate plaintiff's dispute, in violation of 15 U.S.C. § 1681i. (Id. at ¶ 3.) Further, plaintiff alleges that between December 1, 2004 and January 15, 2005, defendant accessed plaintiff's credit report without his authorization. (Id. at ¶ 5.) After being informed that the information was erroneous, defendant failed to delete it, which caused a decrease in plaintiff's credit rating, forcing him to pay a higher interest rate on a mortgage because he was closing escrow within days. (Id.) Plaintiff alleges violations of the Fair Credit Reporting Act ("FCRA").[2] Plaintiff seeks money damages.

II. DISCUSSION

A. Plaintiff' Motion to Remand

Plaintiff filed this motion, conceding that although his complaint is brought under the FCRA, it sounds in breach of contract and negligence. He claims to have the option of dismissing this complaint and filing a new one in state court which does not reference the FCRA and which is based solely on California law.

As a preliminary matter, plaintiff contends that defendant filed its notice of removal more than 30 days after service of the complaint. 28 U.S.C. § 1446(b) requires that

---

[1] Plaintiff erroneously named defendant U.S. Bankcorp in the complaint.

[2] Plaintiff also notes that credit bureaus are regulated under the California Consumer Credit Reporting Agencies Act, but does not allege a violation under state law. He does seek damages under both federal and state law, however.

2

notice of removal be filed within thirty days after service of the complaint or initial pleading. Plaintiff served his complaint on February 14, 2006. Notice of Removal, Exh. A. Defendant filed its notice of removal on March 15, 2006. The notice of removal was therefore timely.

Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir.1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)).

Removal of a state court action is proper only if it originally could have been filed in federal court. 28 U.S.C. § 1441. "[F]ederal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983). Mere reference to federal law is insufficient to permit removal. See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992).

In this case, the pro se complaint is clearly based on federal law. Plaintiff has made clear, however, that he would go so far as to dismiss this complaint, so he could bring a different complaint in state court which has no basis in federal law. Although a plaintiff may not compel remand by eliminating the federal question upon which removal was based, Sparta Surgical Corp. v National Ass'n of Securities Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998), the district court retains discretion to remand the matter to state court once federal claims have dropped out of the lawsuit. See Carnegie-Melon Univ. v. Cohill, 484 U.S. 343, 349, 108 S. Ct. 614, 618-19 (1988). Especially when the federal claims have dropped out at the early stages of the litigation, it may be an abuse of discretion for the district court to entertain the claims. Id.

3

1  Therefore, plaintiff could file an amended complaint which does not arise under federal law, and
2  which raises only state law claims.  At that point, judicial economy, fairness to plaintiff, and
3  comity would dictate that the court exercise its discretion to decline at this early stage to exercise
4  supplemental jurisdiction over the state claims remaining in this action.  Without such a
5  complaint before the court at the present time, however, and based on the current complaint,
6  plaintiff's motion to remand must be denied.

      B.   <u>Defendant's Motion to Dismiss</u>

          <u>Legal Standards for Motions to Dismiss</u>

9        a.  <u>Preliminary Matters</u>.  As a preliminary matter, plaintiff failed to cite
10 other than the most general and unhelpful legal authority to support his opposition to defendant's
11 motion to dismiss.  Bare contentions, unsupported by explanation or authority, are deemed
12 waived.  See <u>FDIC v. Garner</u>, 126 F.3d 1138, 1145 (9th Cir. 1997) (claim waived when no case
13 law or argument in support is presented); <u>Seattle School Dist., No. 1 v. B.S.</u>, 82 F.3d 1493, 1502
14 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue); <u>see
15 also</u> <u>Pelfresne v. Village of Williams Bay</u>, 917 F.2d 1017, 1023 (7th Cir.1990); ("A litigant who
16 fails to press a point by supporting it with pertinent authority, or by showing why it is sound
17 despite a lack of supporting authority . . . forfeits the point.  We will not do his research for
18 him."); <u>Johnson v. Indopco</u>, 887 F. Supp. 1092, 1096 (N.D. Ill. 1995) (finding argument
19 unsupported by relevant authority, or by demonstration of why it is a good argument despite lack
20 of authority, constitutes mere assertion not meriting court's attention).  By presenting bare
21 contentions without appropriate supporting authority, plaintiff in essence has waived opposition
22 to the motion.

23       Mindful of plaintiff's pro se status, however, the court has liberally construed the
24 complaint and opposition to the instant motion to dismiss.  The court, however, cannot act as
25 legal advisor or lawyer for plaintiff.  It has never been the court's function "to supervise laymen
26 in the practice of law."  <u>Springer v. Best</u>, 264 F.2d 24, 25 (9th Cir. 1959.)  The Ninth Circuit

explicitly has warned against "becoming a player in the adversary process rather than remaining its referee." <u>Jacobsen v. Filler</u>, 790 F.2d 1362, 1365 (9th Cir.1986) ("[I]t is not for the trial court to inject itself into the adversary process on behalf of one class of litigant").  Pro se litigants undoubtedly are entitled to have pleadings liberally construed.  <u>See</u>, <u>e.g.</u>, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972).  Moreover, they may be granted leeway in certain cases when they run afoul of merely technical procedural requirements.  The Ninth Circuit recently reiterated that "a pro se litigant is not excused from knowing the most basic pleading requirements."  <u>American Ass'n of Naturopathic Physicians v. Hayhurst</u>, 227 F.3d 1104, 1108 (9th Cir. 2000) (citing <u>Briones v. Riviera Hotel & Casino</u>, 116 F.3d 379, 382 (9th Cir. 1997)); <u>see</u> <u>also</u> <u>McNeil v. United States</u>, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").  In sum, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." <u>Jacobsen</u>, 790 F.2d at 1364.  Although courts are required to provide a pro se litigant with notice of the deficiencies in the complaint, <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir.1987), "[a] statement of deficiencies need not provide great detail or require district courts to act as legal advisors to pro se plaintiffs."  <u>Id.</u> at 1448-49; <u>see</u> <u>also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127-28 (9th Cir.2000) (en banc).

           b. <u>Fed. R. Civ. P. 12(b)(6)</u>

   A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff can prove no set of facts in support of its claims which would entitle plaintiff to relief.  <u>NOW, Inc. v. Schiedler</u>, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994); <u>Cervantes v. City of San Diego</u>, 5 F.3d 1273, 1274-75 (9th Cir. 1993).  Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories.  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

\\\\\

1         The complaint's factual allegations are accepted as true. Church of Scientology of
2 California v. Flynn, 744 F.2d 694 (9th Cir.1984).  The court construes the pleading in the light
3 most favorable to plaintiff and resolves all doubts in plaintiff's favor. Parks School of Business,
4 Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995).  General allegations are presumed to
5 include specific facts necessary to support the claim. NOW, 510 U.S. at 256, 114 S. Ct. at 803,
6 quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

7         The court may disregard allegations contradicted by the complaint's attached
8 exhibits. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987); Steckman v. Hart
9 Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir.1998).  Furthermore, the court is not required to
10 accept as true allegations contradicted by judicially noticed facts. Mullis v. United States
11 Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987).  The court may consider matters of public
12 record, including pleadings, orders, and other papers filed with the court. Mack v. South Bay
13 Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria
14 Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104, 111 S. Ct. 2166 (1991).  "The court
15 is not required to accept legal conclusions cast in the form of factual allegations if those
16 conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness
17 Network, 18 F.3d 752 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or
18 unwarranted deductions of fact. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th
19 Cir. 1981).

20         Analysis

21         The Complaint contains allegations of three violations of the FCRA, through
22 defendant's inaccurate reporting of plaintiff's credit to various credit bureaus (15 U.S.C. §
23 1681c(b)), through defendant's unauthorized inquiries into plaintiff's credit report, and by
24 defendant's failure to investigate plaintiff's dispute (15 U.S.C. § 1681i).

25         Defendant's motion argues in favor of dismissing the action because plaintiff's
26 basis for suit, the FCRA, does not provide for a private right of action for violation of § 1681s-

2(a), that defendant had no duty under § 1681s-2(b), and that defendant obtained plaintiff's credit report for a proper purpose under § 1681b(f).

Federal courts have jurisdiction to hear claims under the FCRA; however, a complaint must allege that credit reporting agencies or users of information willfully or negligently violated the Act. 15 U.S.C. §§ 1681n, 1681o, 1681p; Griffin v. Hooper-Holmes Bureau, 413 F. Supp. 107, 108 (M.D. Fla. 1976); Rush v. Macy's New York, Inc., 775 F.2d 1554, 1557 (11th Cir. 1985).

First, it is true that § 1681s-2 (a) precludes private causes of action. Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059 (9th Cir.2002) (stating "private enforcement under §§ n & o is excluded"). Defendant's motion ignores § 1681s-2 (b) in regard to this issue, which does permit private causes of action. Thomasson v. Bank One, Louisiana, N.A., 137 F. Supp. 2d 721, 722 (E.D. La. 2001) ("The consumer may bring a cause of action against the furnisher if it does not comply with the provisions of § 1681s-2(b).")

> In 1996, Congress passed the Consumer Credit Reporting Reform Act, which amended the FCRA and imposed duties on furnishers of information. Pub.L. No. 90-321, Title VI, § 623, as added Pub.L. No. 104-208, Div. A., Title II, § 2413(a)(2), 110 Stat.2009-447. As amended, the FCRA requires furnishers of credit information to provide accurate information about consumers to consumer credit reporting agencies. 15 U.S.C. § 1681s-2(a). It also requires that furnishers correct any erroneous information previously reported. Id. Furthermore, furnishers of credit information must conduct an investigation upon receiving notice *from a consumer credit reporting agency* regarding a dispute about the accuracy or completeness of information previously provided to the consumer reporting agency. 15 U.S.C. § 1681s-2(b). If, after such investigation, the furnisher of information finds that the information is inaccurate, the furnisher must report those results to the consumer reporting agencies to which the information was furnished. Id.

Pirouzian v. SLM Corp., 396 F. Supp. 2d 1124, 1127 (S.D. Cal. 2005) (emphasis added).

Defendant claims it had no duty under § 1681s-2(b) because that subdivision of the statute requires that the furnisher must receive a report from the credit reporting agency. Defendant cites Elmore v. N. Fork Bancorporation, Inc., 325 F. Supp. 2d 336, 340 (S.D.N.Y.

7

2004), where, although the bank had actual notice of the dispute, it was notice from another source and not the credit reporting agency. The court rationalized that if Congress had intended for furnishers to have a duty based on notice from any source, it would have so stated. Id. Other cases in this circuit agree. See Peasley v. Verizon Wireless (VAW) LLC, 364 F. Supp. 2d 1198, 1200 (S.D. Cal. 2005) (citing other circuits for the consistently held position that furnisher must receive notice from a consumer reporting agency, not from the consumer); Hasvold v. First USA Bank, N.A., 194 F. Supp. 2d 1228 (D. Wyo. 2002) (same). Plaintiff has offered no argument to the contrary. Although plaintiff has not specifically alleged a violation of § 1681s-2(b), he may be able to amend his claim to show that defendant received notice from a credit reporting agency. In his status report, filed May 17, 2006, plaintiff indicated his wish to file an amended complaint by July 1, 2006, to include three credit bureaus as defendants.

In regard to plaintiff's claim that defendant twice obtained his credit report for an improper purpose, defendant argues that it obtained the report for a proper purpose, plaintiff's proposed mortgage loan, as conceded by plaintiff. Section 1681b(a)(3)(A) provides that a consumer report may be obtained by a person who "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished…." Defendant prevails on this argument, and plaintiff has provided nothing to contradict it. Defendant's motion to dismiss will therefore be granted; however, plaintiff will be given the opportunity to amend his complaint in light of his pro se status. Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

III.  CONCLUSION

For the above stated reasons, IT IS HEREBY RECOMMENDED THAT plaintiff's motion to remand, filed April 17, 2006, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Good cause appearing, IT IS ORDERED that:

1. Defendant's motion to dismiss, filed March 22, 2006, is granted.

2. Plaintiff is granted thirty days from the date of this order to file an amended complaint.   Failure to file an amended complaint will result in a recommendation of dismissal of this action.

DATED:  6/2/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH/076
McNearney0552.mtd.wpd